**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Frink, | No. CV-20-01327-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| River Source Life Insurance Company, | |
| Defendant. | |

Plaintiff's amended complaint alleges breach of contract and bad faith claims. On March 30, 2021, Plaintiff withdrew her claim for bad faith. On January 31, 2022, the Court granted summary judgment to Defendant on Plaintiff's breach of contract claim to the extent it was based on a theory that the policy had been automatically reinstated. However, the Court also found that Defendant's history of accepting Plaintiff's premium payments after the contractual grace period had expired raised a question of fact as to whether there had been an implied promise to accept late payments in the future. The Court therefore denied summary judgment on the breach of contract claim to the extent the claim was predicated on a waiver of enforcement of the contractual premium payment deadline and/or estoppel from refusing to accept Plaintiff's late premium payment. Based on those rulings, the Court also denied summary judgment on whether Defendant had anticipatorily repudiated the terms of the contract.

Defendant moves for reconsideration of the Court's anticipatory repudiation ruling. (Doc. 76.) Defendant argues that neither promissory estoppel nor waiver support

anticipatory repudiation because these equitable doctrines inform whether Defendant may lapse the policy, not whether Defendant has repudiated the terms of the policy. Defendant argues that the Court manifestly erred when it did not find that Plaintiff's anticipatory repudiation claim fails as a matter of law.

An anticipatory repudiation occurs when a party to a contract insists on terms not contained in the contract. *United California Bank v. Prudential Ins. Co. of Am.*, 681 P.2d 390, 429 (Ariz. Ct. App. 1983). "Anticipatory repudiation has been recognized in Arizona and other jurisdictions as a species of breach of contract." *Id.* In finding that a question of fact exists under the equitable doctrines of waiver or estoppel, the Court did not find that Defendant has repudiated the contract. By insisting that Plaintiff comply with the payment terms as set forth in the policy, Defendant was operating under the terms of the contract. The declaration of a lapse under the terms of a policy is not a determination that the policy is a nullity. *See N.Y. Life Ins. Co. v. Viglas*, 297 U.S. 672, 677 (1936). The Court committed manifest error when it found that anticipatory repudiation was a jury question. As a matter of law, under the circumstances of this case, there has been no repudiation of the contract.

**IT IS ORDERED** that Defendant's motion for reconsideration (Doc. 76) is **GRANTED**. Defendant is entitled to summary judgment on the issue of anticipatory repudiation. The remainder of the Court's summary judgment order remains unaffected.

Dated this 19th day of April, 2022.

Douglas L. Rayes
United States District Judge